UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:25-cv-08135-AB-RAO | Date: | November 6, 2025 |
|---|---|---|---|

| Title: | *Maria Ventura v. Dollar Tree Stores, Inc. et. al.* |
|---|---|

| Present: The Honorable | **ANDRÉ BIROTTE JR., United States District Judge** |
|---|---|

| Evelyn Chun | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   **[In Chambers] ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 11]**

On October 21, 2025 Plaintiff Maria Ventura ("Plaintiff") filed a Motion to Remand the instant action to California Superior Court, County of Los Angeles. ("Mot.," Dkt. No. 11). Defendants Dollar Tree Stores, Inc., Martina Jenkins, and Does 2-25 (collectively "Defendants") filed a timely opposition. ("Opp'n," Dkt. No. 15). Plaintiff failed to file a reply brief on this motion.

The Court finds this matter appropriate for decision without oral argument and vacates the hearing set for November 7, 2025. *See* Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Plaintiff's Motion to Remand is **GRANTED.**

### I.    BACKGROUND

On April 23, 2023 at approximately 7:30 pm, Plaintiff was shopping at a Dollar Tree store in Los Angeles, California. (Mot. at 4). Plaintiff had paid for her items at cashier number two and, as she exited the store, she tripped over a hand

basket on the floor. (*Id.*) She landed face first on her left arm and sustained several injuries. (*Id.*).

On August 12, 2024, before commencing the present action, Plaintiff provided a pre-litigation demand package to Dollar Tree Stores, Inc.'s third-party administrator for claims, Sedgewick Claims Management Services, Inc. (*Id.*). The pre-litigation demand package included a list of damages totaling $71,282.65. (*Id.*, Ex. C at 5). Plaintiff later filed the Compliant in Los Angeles Superior Court on March 24, 2025, naming Dollar Tree Stores, Inc. and Does 1 through 25 as the defendants. ("Compl.," Dkt. No. 11, Ex. A).

On June 2, 2025, Plaintiff served her initial discovery requests on Defendant Dollar Tree Stores, Inc. (Mot. at 4). In Defendant Dollar Tree Stores, Inc.'s responses, they identified "M. Jenkins" as the employee working at the cashier stand in the hours prior to the incident. (*Id.*). "M. Jenkins" was also the employee who picked up the hand basket after the incident. (*Id.*). On August 1, 2025, Plaintiff amended her Complaint and identified Martina Jenkins ("Defendant Jenkins") as a co-defendant. (*Id.* at 5).

On August 28, 2025, Defendant removed the action to this Court based on the original jurisdiction of this Court under 28 United States Code ("U.S.C.") §1332(a), and removal jurisdiction under 28 U.S.C. § 1446. ("NOR" ¶ 1, Dkt. No. 1). On September 29, 2025, Plaintiff moved to remand the action. (*See* Mot.).

## II.   LEGAL STANDARD

### A.   Removal

Under 28 U.S.C. § 1441(a), a civil action may be removed to the district court where the action is pending if the district court has original jurisdiction over the action. Under 28 U.S.C. § 1332, a district court has original jurisdiction of a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the dispute is between "citizens of different states." Section 1332 requires complete diversity, *i.e.*, that "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 67–68 (1996). Section 1441 limits removal to cases where no defendant "properly joined and served . . . is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a)(b)(2). Removal statutes are "strictly construe[d] against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal jurisdiction must be rejected if there is any doubt as to the right of

removal in the first instance. *Id*. Accordingly, the removing party bears a heavy burden of establishing original jurisdiction in the district court. *Id*.

      **B.**     **Timeliness of Removal**

"[S]ection 1446(b) [of Title 28 of the U.S. Code] identifies two [30]-day periods for removing a case." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 885 (9th Cir. 2010). Where the complaint's removability is clear from the face of the "initial pleading," the first 30-day removal period is triggered. *Id.*; *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin." (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005))). Where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date it receives " 'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 693 (quoting 28 U.S.C. § 1446(b)).

      **C.**     **Fraudulent Joinder**

A non-diverse party may be disregarded for purposes of determining whether jurisdiction exists if the court determines that the party's joinder was "fraudulent" or a "sham." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). The term "fraudulent joinder" is a term of art and does not connote any intent to deceive on the part of plaintiffs or their counsel. *Lewis v. Time Inc.*, 83 F.R.D. 455, 460 (E.D. Cal. 1979), *aff'd.*, 710 F.2d 549 (9th Cir. 1983). The relevant inquiry is whether plaintiff has failed to state a cause of action against the non-diverse defendant, and the failure is obvious under settled state law. *Morris*, 236 F.3d at 1067; *McCabe*, 811 F.2d at 1339.

The burden of proving fraudulent joinder is a heavy one. The removing party must prove that there is "no possibility that plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998). In this regard, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported

deficiency.'" *Padilla v. AT & T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009); *Macey v. Allstate Prop. & Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) ("If there is a non-fanciful possibility that plaintiff can state a claim under California law against the non-diverse defendants the court must remand."). "Merely a 'glimmer of hope' that plaintiff can establish [a] claim is sufficient to preclude application of [the] fraudulent joinder doctrine." *Gonzalez v. J.S. Paluch Co.*, 2013 WL 100210, at *4 (C.D. Cal. Jan.7, 2013) (internal quotations omitted); *accord Ballestros v. American Standard Ins. Co. of Wisconsin*, 436 F.Supp.2d 1070, 1072 (D. Ariz. 2006) (same) (citing *Mayes v. Rapoport*, 198 F.3d 457, 463-64 (4th Cir. 1999).

### III. DISCUSSION

Plaintiff argues removal was improper since (1) it was untimely; and (2) diversity of citizenship does not exist. (Mot. 3). This Court disagrees with Plaintiff's first argument but grants remand on the basis that complete diversity does not exist.

**A. Defendants' Removal was Timely.**

Plaintiff first argues the statutory removal timeline was triggered when the Complaint was filed since the pre-litigation demand package was sufficient to place Defendants on notice that the amount-in-controversy was met. (Mot. at 3). As an initial matter, the Complaint alone does not provide sufficient details to determine that the amount-in-controversy is met. (Compl. at 3). Indeed, the Complaint includes no estimate for damages at all. (*Id.*). As it was not apparent from the face of the Complaint that the amount-in-controversy was satisfied, the Complaint triggered none of the statutory removal timelines.

The pre-litigation demand package also does not trigger the timeline since documents received prior to the initial pleading cannot trigger the removal timeline. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 886 (9th Cir. 2010). Nor can a "pre-complaint document containing a jurisdictional clue [ ] operate in tandem with an indeterminate pleading to trigger some kind of hybrid of the first and second removal periods." *Id.* Accordingly, the Court concludes the pre-litigation demand package cannot, with the Complaint, trigger the removal period.

Plaintiff further contends that even if the Complaint and pre-litigation demand package were not sufficient, documents produced at the July 3, 2025 Case Management Conference provided evidence that the amount-in-controversy was

met. (Mot. at 5). The Case Management Conference documents, however, claim damages of $71,282.65, a quantity below the $75,000 threshold. (Mot., Ex. D at 2). Again, it is not facially apparent from this paper that the amount-in-controversy threshold was met. Thus, the Case Management Conference documents do not serve as an "other paper" that would trigger the statutory removal period.

Defendants note they were only placed on notice the amount-in-controversy was over $75,000 on August 1, 2025, when Plaintiff provided answers to certain interrogatories claiming damages over. (Opp'n at 11). As Defendants removed within 30 days of this notice, Defendants removal was timely.

### B. Defendant Martina Jenkins is not a "sham" defendant.

Defendants argue removal is appropriate because Defendant Jenkins, a California citizen, is a sham defendant that should not be considered for the purpose of determining diversity jurisdiction. (Opp'n at 11-15). Defendants, however, have not met the high burden of demonstrating that a Defendant Jenkins is a sham defendant.

To demonstrate fraudulent joinder, the Defendants must show there is "no possibility" Plaintiff will be able to establish a cause of action in State court against the sham defendant. *Good*, 5 F. Supp. at 807. This is a high standard, as even a "glimmer of hope" of a claim against the alleged sham defendant is sufficient to remand the action. *Gonzalez*, 2013 WL 100210, at *4. The Court finds that Defendant has not sufficiently met this standard.

Plaintiff has pled two causes of action: one for general negligence and one for premises liability. Plaintiff argues that Defendant Jenkins is independently negligent as she "either placed the hand basket at the location and/or allowed the hand basket to be placed and remain at the location until the time of the subject fall." (Mot. at 3). Thus, Plaintiff argues Defendant Jenkins would be liable for her own negligence in causing the allegedly unsafe conditions which led to Plaintiff's injury. (*Id.*)

Several courts have held that employees may be held liable for their own negligence in similar cases, even if the employer would also be vicariously liable. *See, e.g., Maria Lopex v. Target Corp.*, 2025 WL 3022902 at *4 (N.D. Cal. Oct. 29, 2025) (holding that Target employees that failed to maintain the premises in a safe condition may be held liable for their own negligence); *Cordan v. Costco Wholesale Corporation*, 2021 WL 2695732 at *1 (C.D. Cal. June 30, 2021)

(holding that a plaintiff may pursue negligence claims against an individual employee); *Amado v. Home Depot U.S.A., Inc.*, 202 WL 309632 at *5-6 (E.D. Cal. Jan. 27, 2025) (holding that individual store managers may be held liable, even if an employer is vicariously liable for the actions of that manager). In this case, the Court concludes there exists the possibility of a viable negligence action against Defendant Jenkins. Consequently, Defendant Jenkins cannot be considered a sham defendant. As Defendant Jenkins is a California citizen, like Plaintiff, complete diversity does not exist, divesting this Court of jurisdiction.

## IV. CONCLUSION

For the reasons set forth above, the Motion is **GRANTED**. The Court **REMANDS** this action to the Los Angeles County Superior Court. The Clerk of Court is respectfully directed to close this matter.

**IT IS SO ORDERED**.